## McCORMICK v. LUX.

Common Pleas Court, Fulton County.

No. 12729.   Decided March 17, 1949.

Reeder C. Hutchinson, Defiance, for plaintiff.
Hallett & Hallett, Wauseon, for defendant.

### OPINION

By HAM, J.

The plaintiff sues on an account for surgical service rendered defendant's wife, the petition following the form in Bates' Pleading and Practice.

Defendant demurs on the ground that the petition does not state a cause of action, and in support of his attack the demurrant stresses these two claims: (1) That the plaintiff must plead that he was duly licensed and thus authorized to perform the service. (2) That the plaintiff must plead either that the service was rendered under a contract with the defendant or other facts establishing that the service was given on defendant's credit.

In the case of **City of Cincinnati v. Cameron, 33 Oh St 336, 356-357,** the plaintiff sued the city on an account for service in constructing a hospital. At the trial it developed that the service was rendered under a contract made by a commission acting for the city. Proof of such a contract and of the authority of the commission was received.

The Supreme Court held, opinion by Wright, J., that any evidence could be offered by the plaintiff which tended to establish the validity of the charges in the account. See 33 **Oh St at pages 356, 357.**

So, in the case at bar, it would seem clear that the plaintiff may offer any evidence which would tend to validate the charges in the account, the absence of supporting allegations in the petition to the contrary notwithstanding.

The demurrer is overruled with exceptions.